UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID FRANCO LOAEZA and VICTOR DAVID
LOBO MEDINA,

          Petitioners,

    v.

JAMES BAUSCH, *in his official capacity as
Acting Deputy Field Office Director, Buffalo
Field Office, U.S. Immigration & Customs
Enforcement; et al.*,

          Respondents.

1:26-cv-00945-MAV

**ORDER TO SHOW CAUSE**

---

Petitioners have filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, while being held as civil immigration detainees at the Buffalo Federal Detention Facility. ECF No. 1. Accordingly, the Court has jurisdiction over this matter. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443–47 (2004). Petitioners alleges, *inter alia*, that they are being unlawfully detained and request their immediate release from custody or a bond hearing.

28 U.S.C. § 2243 provides that "[a] court entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." IT IS HEREBY

ORDERED that Respondents show cause within **14 days** of the date of this Order why the Petitioners' requested relief pursuant to 28 U.S.C. § 2241 should not be granted, including through citations to supporting authority and applicable sections of the Immigration and Nationality Act, supplemented by copies of any Notices to Appear

1

served on Petitioners, any warrants to arrest Petitioners, Petitioners' I-213, any documents that reflect the statutory authority under which Petitioners were previously released from custody and the full terms and length of said release, and any other relevant exhibits helpful to resolution of this Petition, and a supporting declaration as necessary; and it is further,

ORDERED that the Clerk of Court shall forthwith serve a copy of the Petition, ECF No. 1, together with a copy of this Order, electronically via a Notice of Electronic Filing to the United States Attorney's Office, Western District of New York at USANYW-Immigration-Habeas@usdoj.gov; and it is further

ORDERED that Petitioners shall have **seven (7) days** after service of Respondents' return to file a **written response**. Petitioners shall promptly inform the Court if they do not intend to file a reply, at which point the Court will consider the matter ripe for review.

Following receipt of the parties' papers, the Court will determine whether an evidentiary hearing is warranted. *See* Rule 8 of the Rules Governing Section 2254 Proceedings. In that regard, the Court observes that 28 U.S.C. § 2243 provides that "[u]nless the application for the writ and the return present only issues of law, the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained," as "the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts." Accordingly, to facilitate the expeditious resolution of this matter, it is further

ORDERED that Respondents refrain from transferring Petitioners out of the United States until after the Court determines whether an evidentiary hearing is

warranted.

      SO ORDERED.

Dated:      May 12, 2026
             Rochester, New York

                      /s/ Meredith A. Vacca

                      _____
                      HON. MEREDITH A. VACCA
                      United States District Judge