UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID FRANCO LOAEZA and
VICTOR DAVID LOBO MEDINA,

       Petitioners,

      v.

JAMES BAUSCH, *Acting Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement, in their official capacity, et al.,*

       Respondents.

**DECISION AND ORDER**

26-CV-00945-MAV

---

This Decision and Order pertains to Petitioner David Franco Loaeza and orders his immediate release from custody. A subsequent order will issue pertaining to Petitioner Victor David Lobo Medina.

## LEGAL STANDARD

"A district court may grant a writ of habeas corpus [under 28 U.S.C. § 2241] when a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Kapoor v. DeMarco*, 132 F.4th 595, 606 (2d Cir.) (quoting 28 U.S.C. § 2241(c)(3)), *cert. denied*, 146 S. Ct. 325 (2025). In habeas proceedings under § 2241, "the petitioner . . . bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

## DISCUSSION

Petitioner Loaeza was arrested and detained on May 8, 2026, and the parties do not dispute that 8 U.S.C. § 1226(a) applies to his arrest and detention. Section 1226(a) authorizes the government to exercise discretion to arrest and detain a noncitizen pending a decision on whether the alien is to be removed from the United States. 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. . . . [P]ending such decision," the Attorney General may continue to detain, release on bond, or on conditional parole). Thus, as a matter of pure statutory law, Respondents only have the authority to arrest and detain a noncitizen under § 1226(a) if removal proceedings against the noncitizen are "pending."

The Notice to Appear ("NTA") "is the immigration version of a 'charging instrument'" and "begins the removal process." *Yeleshev v. Larocco*, No. 26-CV-2294-SJB, 2026 WL 1353806, at *2 (E.D.N.Y. May 14, 2026) (quotation omitted). The standard Form I-862 given to Mr. Loaeza in this case states, "This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings." ECF No. 17 at 9.

In other words, without a valid NTA in place, removal proceedings are not pending, and Respondents have no authority to make an arrest or effectuate detention pursuant to § 1226(a). Section 1226(a)'s implementing regulations echo this limitation in Respondents' authority. 8 C.F.R. § 1236.1(b)(1) states in pertinent part,

"[a]t the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the [noncitizen] may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest."); *see, e.g., Gopie v. Lyons,* No. 25-CV-5229, 2025 WL 3167130, at *1 (E.D.N.Y. Nov. 13, 2025) ("[A]t that time or after its issuance, the Government can then effectuate [an] arrest, and, if necessary, detention, until removal proceedings are completed." (citing *Niz Chavez v. Garland,* 593 U.S. 155, 157–58 (2021)).

The record here as established by the parties' papers, evidence received during the July 15, 2026 evidentiary hearing, and evidence supplemented thereafter upon the Court's request, demonstrates the following. Mr. Loaeza and Mr. Medina were arrested at a traffic stop on May 8 and were not served any paperwork at the time of their arrest. Mr. Loaeza's Form I-200 arrest warrant is dated May 8, 2026, and was generated at 12:59 P.M. that day. ECF No. 17 at 6; ECF No. 32 at 3. The identified grounds for the arrest was based upon "the execution of a charging document to initiate removal proceedings against" him. ECF No. 17 at 6. Mr. Loaeza's Form I-862 NTA was generated at 3:48 P.M. on May 8, 2026, and was not filed with the EOIR until May 15, 2026.[1] *Id.* at 7; ECF No. 32 at 5-6. According to the NTA itself, Respondents served Mr. Loaeza in the Buffalo Federal Detention Facility with the NTA on May 13, 2026. ECF No. 17 at 9. However, a supplemental, unsigned declaration from an ICE officer attests that Mr. Loaeza was served with his NTA at

---

[1] As noted *supra* at 2, the Form I-862 NTA itself states, "[t]his notice, *when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR),* initiates removal proceedings." ECF No. 17 at 9 (emphasis added).

3

12:59 P.M. on May 8, 2026. ECF No. 32 at 3. Mr. Loaeza's Form I-286 Notice of Custody Determination, indicating Mr. Loaeza was being detained "pursuant to the authority contained in section 236 of the Immigration and Nationality Act," was generated at 3:48 P.M. on May 8, 2026. ECF No. 17 at 10.

In sum, the NTA's generation (occurring hours after Mr. Loaeza's arrest), service on Mr. Loaeza (occurring five days after his arrest per the signed certificate of service thereon), and the NTA's filing with the EOIR (occurring more than a week after Mr. Loaeza's arrest) all occurred *after* Mr. Loaeza was arrested. Under these circumstances, it is clear that when Mr. Loaeza was arrested, there were no removal proceedings pending against him. Further, the Court notes that when the arrest warrant was generated at 12:59 P.M. on May 8, there had been no "execution of a charging document to initiate removal proceedings against" Mr. Loaeza despite what was marked on the Form I-200 at that time as the sole basis for arresting him.

Because removal proceedings were not pending against Mr. Loaeza when he was arrested on May 8 under the purported authority of § 1226(a), Respondents had no statutory authority to make the arrest or to detain him under that provision. Mr. Loaeza must be released from custody. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(b)(1); *see also, e.g., Yeleshev*, 2026 WL 1353806, at *8 (ordering immediate release, holding "there are two independent bases to grant the writ—the failure to initiate removal proceedings before or at the time of effectuating Yeleshev's arrest, and the use of an I-200 arrest warrant that was legally invalid."); *Meza v. Francis*, No. 26-CV-02722 (NCM), 2026 WL 1734903, at *2 (E.D.N.Y. June 16, 2026) (ordering immediate

4

release because the "government did not dispute that the Form I-200 was issued before any NTA was issued," "there is no leeway; if ICE wants to use a warrant, it must have a valid NTA in place," and "just as a bond hearing before an immigration judge . . . assumes that a valid custody determination was made in the first instance, it also assumes a valid arrest was made in the first instance").

In light of this ruling, the Court need not address Mr. Loaeza's other claims for habeas relief.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, ECF No. 1, is GRANTED with respect to Mr. Loaeza (and RESERVED with respect to Mr. Medina); and it is further

ORDERED that Respondents RELEASE Mr. Loaeza from custody within 24 hours of this Decision and Order; and it is further

ORDERED that Respondents shall file a letter by Wednesday July 29, 2026, confirming compliance with this Decision and Order.

SO ORDERED.

Dated:    July 27    , 2026
Rochester, New York

_____
HON. MEREDITH A. VACCA
UNITED STATES DISTRICT JUDGE